REQUESTED BY: Patrick R. McDermott, Perkins County Attorney.
May two or more counties join together under the Interlocal Act for the purpose of contracting for a public defender without it becoming a public defender's office subject to election every four years under §§ 29-1804 etseq.?
Yes, as noted.
Under the Interlocal Cooperation Act two or more public agencies, in this case counties, may join together to exercise jointly any power which may be exercised singly by one of said agencies. Neb.Rev.Stat. §§ 23-2201 et seq. (Reissue 1977).
A county has only such powers as are expressly granted by the Legislature together with such implied powers as are required to execute such express powers. Neb.Rev.Stat. 23-104(6) (Supp. 1982), § 23-336 (Reissue 1977), Speer v.Kratzenstein, 143 Neb. 300, 9 N.W.2d 306 (1943).
As you know, counties under 200,000 population are authorized, but not required, by § 29-1804 (Reissue 1979), to establish an office of public defender.
Under § 29-1804.07 the district court must appoint the public defender, except for good cause shown, in those counties which have established one for indigent felony defendants. In counties which have not established a public defender's office, other attorneys licensed to practice law in the state must be appointed in felony and misdemeanor cases involving possible imprisonment (See, Neb.Rev.Stat. § 29-1804.13). Under § 28-1804.12 (Reissue 1979) this is at the expense of the county.
It is thus clear that in counties not having a public defender's office as established by statute, the counties have authority to pay for attorneys appointed by the court to represent indigents. We think it is clear that the public defender, required to be appointed under § 29-1804.07 refers only to the public defender established in accordance with 29-1804, since that is the only `public defender' referred to in the statutes. Therefore, the court would not be bound to appoint the attorney you have selected.
It should also be emphasized that the court would not be bound to pay the attorney the contract price you have established, but may set the fee itself under § 29-1804.12
(Reissue 1979), together with reasonable expenses, which the county board `shall allow' for payment.
Under these restrictions, we thing the counties would have the authority to jointly enter a contract with an attorney to handle criminal cases for indigents.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General